2016 AUG -1 AM 9:29



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72953-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOSEPH D. STRANGE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

SPEARMAN, J. — Joseph Strange challenges imposition of the mandatory deoxyribonucleic acid (DNA) collection fee under RCW 43.43.7541 as violating substantive due process and equal protection. Because he makes this challenge for the first time on appeal but fails to establish manifest constitutional error, we reject his claims. In a statement of additional grounds, Strange also argues that the trial court erred in excluding evidence, that the prosecutor committed reversible misconduct, and that the trial court improperly imposed an exceptional sentence. Finding no error, we affirm.

## FACTS

Strange was driving a truck in Bothell one evening when he passed a police car. The police officer ran a routine check of the license plate and determined that the vehicle was stolen. After calling for backup, Officer Atterbury

signaled Strange to stop. Strange did not stop but sped up and turned onto the freeway. Atterbury followed with his lights and sirens activated. Another officer joined Atterbury in the pursuit.

Police department policy only authorized vehicular pursuit in limited situations, and Atterbury's sergeant gave the order to terminate the pursuit. Atterbury turned off his lights and siren and slowed. When Strange exited the freeway, Atterbury and the other officer followed. Atterbury observed Strange turn into the parking lot of an AM/PM mini mart and strike a Ford Taurus. Strange continued to flee and the officers resumed their pursuit. Strange eventually ran a red light, collided with an oncoming car, and fatally injured the driver.

Strange was convicted of second degree felony murder and possession of a stolen vehicle. The trial court calculated an offender score of 18 and 37, respectively. On the murder charge, the court imposed a standard range sentence of 397 months. On the stolen vehicle charge, the court determined an exceptional sentence was warranted based on RCW 9.94A.535(2)(c).[1] It imposed a sentence of 75 months, exceeding the standard range of 43-57 months, and ordered the terms to run consecutively instead of concurrently. The court imposed only mandatory fees, including the one hundred dollars DNA collection fee required by RCW 43.43.7541. The court informed Strange of his

---

[1] The statute establishes an aggravating circumstance as follows:

The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

2

obligation to begin making payments on the fees within 60 days of his release from confinement and to complete the payments within 60 months after release.

## DISCUSSION

For the first time on appeal, Strange challenges the trial court's order imposing the DNA collection fee as a condition of his sentence. He claims the order violates substantive due process as applied to indigent defendants and equal protection as applied to a repeat felony offender. We conclude that he is not entitled to raise these claims for the first time on appeal because in neither case can he show manifest constitutional error as required under RAP 2.5.

In State v. Shelton, No. 72848-2-I, 2016 WL 3461164 (Wash. Ct. App. June 20, 2016) we held that a substantive due process challenge to the DNA fee statute is not ripe for review until the State attempts to collect the fee. Id. at *6. And in State v. Lewis, No. 72637-4-I, 2016 WL 3570550 (Wash. Ct. App. June 27, 2016), we rejected an equal protection challenge to imposition of the DNA collection fee on defendants who had previously paid it, concluding there is a rational basis to impose the DNA collection fee for every felony. In light of Shelton and Lewis, Strange cannot show that the order imposing the DNA collection fee implicates either of the asserted constitutional rights. Accordingly, his claims may not be raised for the first time on appeal.

## Statement of Additional Grounds

Strange asserts three further challenges in his statement of additional grounds. First, he argues that the trial court erred in excluding evidence that Officer Atterbury was sanctioned by the Bothell police department for engaging in

a vehicular pursuit contrary to department policy. Statement of Additional Grounds (SAG) 1. He asserts that excluding this evidence prevented him from impeaching Atterbury and violated his due process right to a fair trial.

We review a trial court's evidentiary decisions for abuse of discretion. In re Pers. Restraint of Duncan, 167 Wn.2d 398, 402, 219 P.3d 666 (2009) (citing State v. McDonald, 138 Wn.2d 680, 693, 981 P.2d 443 (1999). The trial court abuses its discretion if its decision is manifestly unreasonable or if it is based on untenable grounds. Id.

Strange moved in limine to admit evidence that Atterbury had been suspended for one day as a sanction for violating department policy concerning pursuit of fleeing vehicles. Strange sought to introduce the sanction to attack the credibility of Atterbury's statement concerning the pursuit. The trial court held that evidence about the departmental policy, the department's investigation into Atterbury's conduct, and the possibility of civil liability were admissible, but it excluded evidence of the actual sanction imposed as irrelevant. Strange argues that the exclusion of this evidence prevented him from exposing Atterbury's bias to the jury. But at trial, Strange questioned Atterbury extensively concerning department policy, whether his pursuit of Strange complied with that policy, department investigation into the pursuit, and potential civil liability for violating the policy. There was no abuse of discretion.

Strange next argues that the prosecutor committed reversible misconduct by trying to elicit sympathy for the victim of an uncharged crime. To prevail on a claim of prosecutorial misconduct, the defendant must establish that the

4

prosecutor's conduct was "'both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43, 46 (2011) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). When raised for the first time on appeal, the defendant must show that the misconduct was flagrant and so prejudicial that it could not have been cured by timely objection at trial. Id. at 443 (citing State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)). A prosecutor has wide latitude to argue reasonable inferences from the evidence. Id. at 453. But a prosecutor must not refer to evidence outside the record or encourage the jury to convict on improper grounds. State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (citing State v. Belgarde, 110 Wn.2d 504, 507-08, 755 P.2d 174 (1988)).

In closing argument, Strange argued that he had driven negligently but not recklessly. He asserted that the State had failed to show that he acted with indifference to human life. In rebuttal, the prosecutor argued that the collision at the AM/PM demonstrated Strange's lack of concern for the people he endangered.[2] The prosecutor argued:

> What about this driver at the am/pm? What about that guy? How concerned was the defendant about his welfare? He could have been seriously injured in this collision. Did he stop and get out and see what was going on? Not a bit of it. He's all about getting away from the police. So he just left that guy back there. That's how much concern for people the defendant had that particular night.

Verbatim Report of Proceedings (VRP) (11/19/14) at 36.

---

[2] Strange asserts that the prosecutor argued "'[t]he victim of the Taurus, where is their justice?'" SAG 3. He provides no citation to the record. The quoted sentence does not appear to be part of the prosecutor's closing argument.

The prosecutor's comments were reasonable inferences from the evidence and did not encourage the jury to convict on improper grounds. There was no misconduct.

Finally, Strange argues that the trial court erred in imposing an exceptional sentence. SAG 2. He appears to argue that the State encouraged this error by including a misleading statement in its sentencing memorandum.

The trial court found that because of Strange's offender score of 37, the possession of stolen vehicle conviction would go unpunished unless an exceptional sentence was imposed. The court concluded that it was appropriate to impose an exceptional sentence of 75 months consecutive to the 397 months for second degree murder.

Strange does not challenge the finding of fact or conclusion of law supporting the exceptional sentence. Strange objects to a sentence in the State's sentencing memorandum which states that the prosecutor "sought from the beginning to punish Mr. Strange to the fullest extent of the law." SAG 2. Strange argues that this statement is untrue. He alleges that the State had previously offered to recommend the low end at sentencing if Strange pleaded guilty to first degree murder. Neither the sentencing memorandum nor the plea offer are in our record on review, but even if true, Strange's assertion is irrelevant to the court's authority to impose an exceptional sentence on a ground undisputedly within its statutory authority. The claim is without merit.

Affirmed.

_Spearman, J._

WE CONCUR:

_Leavitt, J._    _Appelwick, J._